IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>vs.<br><br>MAXWELL J. PODGORSKI,<br><br>                Defendant. | 8:18-CR-243<br><br>**MEMORANDUM AND ORDER** |

      This matter comes before the Court on Defendant's Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (Filing 100).

      Section 603 of the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (2018), amended 18 U.S.C. § 3582(c)(1)(A) to permit defendants to move a sentencing court for modification of a sentence "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."

      Section 3582(c)(1)(A) also provides in pertinent part:

> [T]he court . . . may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>    (i) extraordinary and compelling reasons warrant such a reduction;
>      . . . .
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c)(1)(A).

      The Court finds Defendant has exhausted his administrative rights to appeal based on his allegations that he sent requests to the Warden of his facility of incarceration on August 14,

August 22, and September 3, 2020, and received no response prior to the time of filing the present motion on October 22, 2020. Filing 100 at 3.

Defendant pled guilty to the charge of possession with intent to distribute cocaine and marijuana in violation of 21 U.S.C. § 841(a)(1) and § 841(b)(1), and the United States Sentencing Guideline range for incarceration was thirty to thirty-seven months. Filing 82 at 1; Filing 85 at 1. On January 8, 2020, the Court sentenced Defendant to a term of fifteen months' incarceration followed by four years of supervised release.[1] Filing 82 at 1-3. He now seeks release from custody after serving approximately two months of his sentence due to the coronavirus pandemic in conjunction with his high blood pressure, high cholesterol, and obesity. Filing 100 at 1-2. Specifically, he notes multiple active cases of COVID-19 at his facility of incarceration. Filing 100 at 2.

Accepting all Defendant's factual allegations related to his health and COVID-19 as true, the Court concludes that he has not shown any extraordinary and compelling reason for his release from custody. A reduction of his sentence to time served would also be contrary to the factors the Court must consider under 18 U.S.C. § 3553(a), including the "nature and circumstances of the offense," "history and characteristics of the defendant," "need to avoid unwarranted sentence disparities among defendant with similar records who have been found guilty of similar conduct," and the need for the sentence imposed to "reflect the seriousness of the offense," "promote respect for the law," "provide just punishment for the offense," "afford adequate deterrence," and "protect the public." Defendant's conduct was a serious offense. This Court generously imposed upon Defendant a sentence that was well-below the United States Sentencing Commission guidelines

---

[1] The Court entered an Amended Judgment on January 17, 2020, which did not change Defendant's sentence of incarceration. Filing 88.

for the offense. The Court concludes the factors under 18 U.S.C. § 3553(a) do not allow for compassionate release. Accordingly, Defendant's motion is denied.

IT IS ORDERED:

1. Defendant's Motion for Compassionate Release (Filing 100) is denied.

Dated this 23rd day of October 2020.

BY THE COURT:

_____
Brian C. Buescher
United States District Judge